1  MATTHEW A. RICHARDS, SBN 233166
   mrichards@nixonpeabody.com
2  WILLIAM S. LISA, SBN 310541
   wlisa@nixonpeabody.com
3  NIXON PEABODY LLP
   One Embarcadero Center, 32nd Floor
4  San Francisco, CA  94111-3600
   Tel:  415-984-8200
5  Fax:  415-984-8300

6  *Attorneys for Plaintiff*
   HUMAN RIGHTS WATCH

7

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12  HUMAN RIGHTS WATCH,                     Case No.

13                          Plaintiff,     **COMPLAINT FOR DECLARATORY
                                            RELIEF**
14        vs.

15  DEPARTMENT OF HOMELAND
    SECURITY; and UNITED STATES
16  IMMIGRATION AND CUSTOMS
    ENFORCEMENT,
17
                            Defendants.
18

19                         **INTRODUCTION**

20        1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552,

21  seeking disclosure of records held by the United States Immigration and Customs Enforcement

22  agency ("ICE"), a branch of the Department of Homeland Security ("DHS"), concerning policies

23  regarding the transfer of immigration detainees arrested, apprehended, booked, or detained by

24  ICE and DHS, Customs and Border Protection ("CBP").  Plaintiff Human Rights Watch ("HRW"

25  or "Plaintiff") seeks declaratory and other appropriate relief with respect to ICE's unlawful

26  withholding of these records.

27        2.      The information sought is of significant value to the public.  Plaintiff seeks

28  information that would reveal anonymized individual and aggregated statistical information

4827-4629-0552.6

                                                COMPLAINT FOR DECLARATORY AND
                                                           INJUNCTIVE RELIEF

1  about immigrant detainees' apprehension and arrest by ICE and CBP, transfer between detention

2  facilities, and removal or release from immigration detention.  Among other things, the

3  requested information will inform the general public regarding enforcement of the nation's

4  immigration and detention laws, and is therefore likely to contribute to an understanding of

5  government operations and activities.

6       3.     ICE's failure to turn over requested records violates the FOIA, and is impeding

7  Plaintiff's efforts to educate the public regarding the treatment of immigrant detainees by ICE

8  and CBP.  There is no comparable source of information or analysis of anonymized individual

9  immigrant detainee data.  On information and belief, the requested information would increase

10  the public's understanding about how ICE and CBP are treating detainees, and about how the

11  public's tax dollars are being spent.  The requested information has a strong potential to

12  significantly contribute to the public's understanding of government operations and activities.

13  **Jurisdiction and Venue**

14       4.     This Court has subject matter jurisdiction over this action pursuant to 5 U.S.C. §

15  552(a)(4)(B), 5 U.S.C. §§ 701-706 and 28 U.S.C. § 1331.  This Court has jurisdiction to grant

16  declaratory and further necessary or proper relief pursuant to 28 U.S.C. §§ 2201-2202 and Federal

17  Rules of Civil Procedure 57 and 65.

18       5.     Venue in this district is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §

19  1391(e)(1)(C) in that Plaintiff HRW has an office in San Francisco, California.

20  **The Parties**

21       6.     Plaintiff HRW is a non-profit, non-partisan international human rights

22  organization, based in New York, New York, with offices in San Francisco, California.  HRW

23  employs more than 400 professionals, among them lawyers, journalists, and academics.  These

24  professionals work to uncover and report on human rights issues around the world.  In order to

25  reach the broadest possible audience, the organization publishes detailed reports on human rights

26  issues of interest to a wide range of people.  Through its domestic and international network of

27  offices and staff, HRW challenges governments and those in power to end abusive practices and

28

4827-4629-0552.6

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

1   to respect international human rights law by enlisting the public and the international community

2   to support the cause of human rights for all.

3        7.     Defendant DHS is a Department of the Executive Branch of the United States

4   Government and is an agency within the meaning of 5 U.S.C. § 552(f).  DHS is responsible for

5   enforcing federal immigration laws.  DHS has possession and control over the records sought by

6   HRW.

7        8.     Defendant ICE is a component of DHS and is an agency within the meaning of 5

8   U.S.C. § 552(f).  ICE enforces federal law governing border control, customs, and immigration

9   to the United States.  ICE has possession and control over the records sought by HRW.

10                        **Plaintiff HRW's FOIA Request**

11        9.     On October 11, 2017, HRW submitted a FOIA request letter to ICE ("FOIA

12   Request") seeking, among other things:

13
14        [A]nonymized individual-level data on every person arrested/apprehended, booked, or detained during immigration and criminal law enforcement investigations and operations conducted by ICE and U.S. Customs and Border Protection.
15

16   HRW requested documents ranging in time from October 1, 2012, through the present day.  A true

17   and correct copy of HRW's October 11, 2017, FOIA Request is attached hereto as Exhibit 1.

18        10.    HRW asked that ICE waive all fees associated with its FOIA Request because

19   disclosure of the records is in the "public interest because it is likely to contribute significantly

20   to public understanding of the operations or activities of the government and is not primarily in

21   the commercial interest of the requester."  *See* Ex. 1 at p. 6.

22        11.    ICE did not acknowledge receipt of HRW's FOIA Request until 40 business days

23   after receipt, on December 12, 2017.  A true and correct copy of the ICE December 12, 2017,

24   acknowledgment letter is attached hereto as Exhibit 2.

25        12.    In its October 11, 2017, FOIA Request, HRW noted that all data requested was

26   similar, in part, to that previously provided by ICE to HRW in responses to prior FOIA requests,

27   and that versions of the vast majority of items requested containing data relevant to the time

28   period requested had been previously released in response to such FOIA requests, either to HRW

4827-4629-0552.6

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1   or to others.  *See* Ex. 1 at p. 1.  On information and belief, all items that were requested in the

2   FOIA Request were items that ICE maintains in its databases and have been detailed in Privacy

3   Impact Assessments and/or, as mentioned above, in previous FOIA releases.

4           13.     On information and belief, all data requested in HRW's October 11, 2017, FOIA

5   Request exists in the Enforcement Integrated Database ("EID"), and thus would only require ICE

6   to query the EID rather than create new records.

7           14.     To date, ICE has not produced *any documents* responsive to HRW's FOIA

8   Request, nor has it even provided HRW with a substantive response to the FOIA Request.

9           15.     HRW submitted letters demanding a substantive response from ICE and

10   demanding documents to which HRW is entitled on April 23, 2018, and on September 11, 2018.

11   A true and correct copy of HRW's April 23 letter to ICE is attached hereto as Exhibit 3.  A true

12   and correct copy of HRW's September 11 letter to ICE is attached hereto as Exhibit 4.

13           16.     HRW has exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C).

14   HRW first submitted its FOIA Request well over one year ago.  ICE did not even acknowledge

15   receipt of this FOIA Request for 40 business days.  Further, despite HRW's multiple requests

16   that ICE fulfill its statutory obligation by providing a substantive response and providing the

17   requested documents, ICE has failed to do either.

18           17.     DHS and ICE have violated the applicable statutory time limit for the processing of

19   FOIA requests.

20           18.     DHS and ICE have wrongfully failed to release responsive records to Plaintiff.

21   **FIRST CLAIM**

22   **Violation of Freedom of Information Act, 5 U.S.C. § 552**
**for Failure to Disclose Responsive Agency Records**

23           19.     HRW repeats, alleges, and incorporates by reference the allegations in paragraphs 1-

24   18 as though fully set forth herein.

25           20.     Defendants' unlawful withholding of documents responsive to HRW's FOIA Request

26   violates 5 U.S.C. §§ 552(a)(3)(A) and (a)(6)(A), as well as the regulations promulgated thereunder.

27           21.     ICE and DHS are obligated under 5 U.S.C. § 552(a)(3) to produce records

28   responsive to HRW's FOIA Request.

4827-4629-0552.6

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

1    22.    ICE and DHS were required to respond substantively to HRW's FOIA Request

2  within 20 business days under 29 CFR § 2201.6, promulgated under 5 U.S.C. § 552, and no

3  basis exists for ICE's failure to provide even a substantive response to Plaintiff's request.  HRW

4  has exhausted its administrative remedies by virtue of Defendants' failure to respond to the

5  FOIA Request.

6                              **SECOND CLAIM**
    **Violation of Freedom of Information Act, 5 U.S.C. § 552**
7    **for Failure to Conduct an Adequate Search of Agency Records**

8    23.    HRW repeats, alleges, and incorporates by reference the allegations in paragraphs 1-

9  22 as though fully set forth herein.

10    24.    HRW's FOIA Request seeks records from October 1, 2012, through the date that ICE

11  initiated the data production request.  Defendants have failed to produce *any* responsive records.

12    25.    ICE and DHS are obligated under 5 U.S.C. § 552(a)(3) to conduct a reasonable

13  search for and to produce records responsive to HRW's FOIA Request.  HRW has a legal right to

14  obtain such records, and no legal basis exists for ICE's and DHS's failure to conduct a reasonable

15  search for records from October 1, 2012, through the present date.

16    26.    Defendants' failure to conduct a reasonable search for records responsive to HRW's

17  FOIA Request violates 5 U.S.C. §§ 552(a)(3)(C), and (a)(6)(A), as well as the regulations

18  promulgated thereunder.

19                              **THIRD CLAIM**
    **Violation of the Administrative Procedure Act**
20    **for Failure to Timely Respond to Request for Agency Records**

21    27.    HRW repeats, alleges, and incorporates by reference the allegations in paragraphs 1-

22  26 as though fully set forth herein.

23    28.    Defendants' failure to timely respond to HRW's FOIA Request for agency records

24  constitutes agency action unlawfully withheld and unreasonably delayed in violation of the

25  Administrative Procedure Act, 5 U.S.C. §§ 701-06.  Defendants' failure to timely respond is arbitrary,

26  capricious, and an abuse of discretion, not in accordance with law and without observance of

27  procedure required by law, all in violation of the Administrative Procedure Act.

28

4827-4629-0552.6

COMPLAINT FOR DECLARATORY AND
                                    INJUNCTIVE RELIEF

**PRAYER FOR RELIEF**

WHEREFORE, HRW requests that judgment be entered in its favor and against Defendants DHS and ICE.  HRW further requests that the Court:

(a)    Declare unlawful Defendants' refusal to disclose the records requested by HRW;

(b)    Declare that Defendants' failure to make a determination with respect to HRW's FOIA Request within the statutory time limit and Defendants' failure to disclose responsive records violates the FOIA;

(c)    Declare that Defendants' failure to timely respond to HRW's request for agency records violates the Administrative Procedure Act;

(d)    Order Defendants and any of Defendants' departments, components, other organizational structures, agents, or other persons acting by, through, for, or on behalf of Defendants to conduct a full, adequate, and expeditious search for records responsive to HRW's FOIA request;

(e)    Enjoin Defendants, and any of their departments, components, other organizational structures, agents, or other persons acting by, through, for, or on behalf of Defendants from withholding non-exempt records responsive to Plaintiff's FOIA request and order them to promptly produce the same without redaction;

(f)    Award HRW its reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412; and

(g)    Grant all other such relief to HRW as the Court deems just and equitable.

Respectfully submitted,

Dated: January 10, 2019                                NIXON PEABODY LLP


By: */s/ Matthew A. Richards*
MATTHEW A. RICHARDS
WILLIAM S. LISA
*Attorneys for Plaintiff*
HUMAN RIGHTS WATCH

4827-4629-0552.6

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF